United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZURVAN MAHAMEDI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MANUEL CHAVEZ,<br><br>Defendant. | Case No. 5:17-cv-03317-EJD<br><br>**ORDER REMANDING CASE** |

**I.   INTRODUCTION**

This action was filed in Santa Clara County Superior Court. Defendant Manuel Chavez removed to this Court. This Court has an obligation to determine whether jurisdiction exists. Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). This action will be remanded for lack of subject-matter jurisdiction.

**II.   DISCUSSION**

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state-court actions that could have

been originally filed in federal court may be removed. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). An action may be removed to federal court if (1) the case presents a federal question or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

It is the removing defendant's burden to establish federal jurisdiction, and courts must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

This Court lacks diversity jurisdiction over this action because the complaint does not indicate that the parties have diversity of citizenship, and Chavez has not suggested otherwise.

Nor does this Court have federal-question jurisdiction. In order to find a federal question, or a claim arising under federal law, a court examines only the "well-pleaded" state-court complaint. Caterpillar, Inc., 482 U.S. at 392; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."). Here, the sole cause of action in the complaint is a state-law negligence claim. Chavez argues that jurisdiction arises from his counterclaims under the federal Defend Trade Secrets Act (Dkt. No. 1 ¶ 4), but federal jurisdiction may not rest upon a counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

### III. ORDER

Because this Court lacks subject-matter jurisdiction over this action, the Clerk shall remand this case to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: June 13, 2017

_____
EDWARD J. DAVILA
United States District Judge